NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLEARVALUE, INC. AND RICHARD ALAN HAASE,**
*Plaintiffs-Cross Appellants,*

**v.**

**PEARL RIVER POLYMERS, INC., POLYCHEMIE, INC., SNF, INC., POLYDYNE, INC., AND SNF HOLDING COMPANY,**
*Defendants-Appellants.*

---

2011-1078, -1100

---

Appeals from the United States District Court for the Eastern District of Texas in case no. 06-CV-0197, Judge Leonard Davis.

---

**ON MOTION**

---

Before PROST, *Circuit Judge.*

**O R D E R**

Pearl River Polymers, Inc. et al. (Pearl River) move to require that the cross-appellants, ClearValue, Inc. and Richard Alan Haase, pay for "all costs associated with preparing, copying, and collating and printing the Joint

Appendix, and to impose any other relief deemed appropriate." The cross-appellants respond and propose to pay to Pearl River the costs resulting from the cross-appellants' improper designation of material for the joint appendix.

The cross-appellants respond and agree with Pearl River that they improperly cited in their briefs to large amounts of testimony and documents in violation of Fed. Cir. R. 30. We note such a violation not only requires the appellant to include the materials in the joint appendix at a significant cost and effort but also suggests that this court must spend a great deal of time scouring the pages to find the asserted relevant matter.

The reply brief filed by the cross-appellants cites indiscriminately to an entire 797-page transcript for what Pearl River asserts is merely an exchange of three questions and answers within those 797 pages. The reply brief filed by the cross-appellants also cites to an entire 344-page motion for summary judgment response brief, even though this court's rules clearly prohibit including such an item in its entirety without leave of court. Fed. Cir. R. 30(a)(2)(E). The opening brief filed by the appellants indiscriminately cites to an entire 195-page training manual, and Pearl River asserts in its motion without objection by the cross-appellants that only a few of those pages are relevant to the issues in that brief.

We appreciate that counsel for the cross-appellants now concedes the errors and offers to pay Pearl River for the indiscriminate references, but mere payment of the excess costs will not cure the indiscriminate or inappropriate references in the briefs. Thus, we deem it appropriate to require that the cross-appellants file corrected briefs, citing in its opening brief only to the pages of the training manual that are relevant to the issues it raises, and citing in its reply brief only to the pages of the transcript or summary judgment response brief that are at

issue.[1] We also deem it appropriate to require that the cross-appellants prepare a corrected joint appendix that includes the items required by Fed. R. App. P. 30 and Fed. Cir. R. 30(a)(2), items cited by Pearl River in its briefs, and only those items properly cited by the cross-appellants in their briefs. No other changes to the briefs should be made.

Accordingly,

IT IS ORDERED THAT:

(1) Pursuant to Fed. R. App. P. 30(b)(2), Pearl River's motion is granted to the extent that the cross-appellants are directed to pay $2,900 to Pearl River within 14 days of the date of filing of this order.

(2) The cross-appellants are directed to file corrected briefs as explained above. The corrected briefs are due within 14 days of the date of filing of this order.[2]

(3) The cross-appellants are directed to file a corrected joint appendix within 21 days of the date of filing of this order, as explained above.

FOR THE COURT

AUG 0 1 2011

Date

/s/ Jan Horbaly

Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 0 1 2011

JAN HORBALY
CLERK

---

[1] Cross-appellants may of course include a few pages before and after the relevant testimony passages, to provide context for the cited matter. Fed. Cir. R. 30(a)(2)(B).

[2] Cross-Appellants may either file corrected briefs or make corrections to the briefs previously filed, if appropriate. *See* Practice Note following Fed. Cir. R. 32.

cc: Arnold Anderson Vickery, Esq.
    Gary M. Hoffman, Esq.

s8